Filed 6/4/24  P. v. Avalos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL ANTHONY AVALOS, <br><br> Defendant and Appellant. | F086715 <br><br> (Super. Ct. No. CRM026522) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

The trial court found defendant Michael Anthony Avalos ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancements imposed for his having suffered a prior prison term (§ 667.5, former subd. (b)) were imposed and stayed during his initial sentencing proceedings.

We conclude section 1172.75 applies to prior prison term enhancements that have been imposed and stayed. We reverse and remand for the trial court to recall defendant's sentence and resentence him in compliance with section 1172.75.

## PROCEDURAL BACKGROUND[2]

On May 31, 2013, a jury found defendant guilty of attempted voluntary manslaughter (§§ 192, subd. (a), 664; count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). On count 1, the jury found true an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)). As to both counts, the jury found gang and great bodily injury enhancements to be true (§§ 186.22, subd. (b)(1)(C), (4), 12022.7, subd. (a)). In a bifurcated court trial, the trial court found true that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a "strike" (§§ 667, subds. (b)–(i), 1170.12), and for which he suffered a prior prison term (§ 667.5, former subd. (b)). These enhancements, all for the same offense, were each found true twice – once on each count. (*People v. Avalos* (Apr. 7, 2015, F067923) [nonpub. opn.] (*Avalos*).)

The court sentenced defendant on count 1 to the middle term of three years, doubled to six years due to the strike, plus 10 years for the gang enhancement, one year for the deadly weapon use enhancement, five years for the prior serious felony

---

[1] Undesignated statutory references are to the Penal Code.

[2] The underlying facts are irrelevant to the issues raised on appeal. We therefore dispense with a statement of facts.

enhancement, and one year for the prior prison term enhancement, for an aggregate term of 23 years. On count 2, the court sentenced defendant to the middle term of three years, doubled to six years due to the strike, plus 10 years for the gang enhancement, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement, for an aggregate term of 22 years. Sentence on count 2 was stayed pursuant to section 654. The court likewise stayed, pursuant to section 654, punishment for the great bodily injury enhancement to both counts. (*Avalos*, *supra*, F067923.)

On appeal,[3] this court determined the trial court erroneously imposed the prior serious felony enhancement and prior prison term enhancement on both counts. Accordingly, we struck the redundant enhancements to count 2. We also determined the trial court erroneously imposed both the prior serious felony enhancement and prior prison term enhancement, both of which arose out of the same offense, on count 1. Accordingly, we stayed the prior prison term enhancement on count 1.[4] We directed the

---

[3] During the pendency of the appeal, the trial court issued a first amended abstract of judgment. It appears the purpose of the first amended abstract of judgment was to increase the amount of restitution ordered to be paid to the California Victim Compensation Board.

[4] The trial court was not permitted to impose a one-year term for the prior prison term enhancement in addition to a five-year term for the prior serious felony conviction which gave rise to the prior prison term. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) In *Jones*, a prior prison term enhancement erroneously imposed in such circumstances was stricken, rather than stayed. (*Id.* at p. 1153.) "Once the prior prison term is found true within the meaning of section 667.5[, former subdivision ](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; accord, *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275, rev. granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Baldwin* (2018) 30 Cal.App.5th 648, 653; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1020; see § 1170.1, subd. (d)(1).) Nonetheless, there is arguably some authority that a court may stay, rather than strike, a prior prison term enhancement in such circumstances. (See *People v. Christianson* (2023) 97 Cal.App.5th 300, 315–316, rev. granted Feb. 21, 2024, S283189 (*Christianson*).) Ultimately, we need not resolve whether the stay of the prior prison term enhancement in the instant case was appropriate.

trial court to issue an amended abstract of judgment to reflect these modifications. (*Avalos*, *supra*, F067923.)  The remittitur issued on June 16, 2015.

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136) amended section 667.5, subdivision (b) to provide that a prior prison term enhancement may be imposed only if the prior prison term was imposed for certain qualifying sexually violent offenses.[5]

It appears the trial court did not amend the abstract of judgment, as required by this court's remittitur, until April 6, 2021, when it issued a second amended abstract of judgment.  The second amended abstract of judgment omitted the now-stricken status enhancements to count 2 and noted that the prior prison term enhancement to count 1 was stayed.[6]

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) retroactively invalidated prior prison term enhancements previously imposed under section 667.5, former subdivision (b). (Stats. 2021, ch. 728, § 3; see former § 1171.1 (now § 1172.75).[7])  Senate Bill No. 483 also provided a procedure for recall and resentencing of individuals whose prior prison term enhancements had been rendered invalid by the bill.  (Former § 1171.1.)  That procedure is now codified in section 1172.75.

---

[5] Defendant's prior prison term enhancements were not imposed for a sexually violent offense.

[6] The second amended abstract of judgment also listed the restitution order as a financial obligation pursuant to section 1202.4, subdivision (f), rather than as previously listed as an "[o]ther order[]."  The amount of restitution remained unchanged.

[7] Section 1171.1 has been renumbered section 1172.75.  (Stats. 2022, ch. 58, § 12.) Except where indicated, we refer to the current section 1172.75.

Although not evidenced in the record, the parties agree that, at some point, the Department of Corrections and Rehabilitation identified defendant as a person serving a term that included an invalid prior prison term enhancement as described in section 1172.75, subdivision (a). On October 3, 2022, the court issued an order stating that it had reviewed the judgment and determined it included one or more prior prison term enhancements and that defendant "qualifie[d] for a recall and resentencing in this matter." Accordingly, the court appointed counsel to represent defendant "in the recall and resentencing in this matter." The court also set the matter for hearing.

Thereafter, defendant filed a sentencing memorandum, arguing the prior prison term enhancement must be stricken and his sentence further reduced based on intervening changes in law.

The matter was heard on August 4, 2023. At the start of the hearing, defense counsel stated that, at the last appearance, the trial court had indicated it did not believe defendant was eligible for resentencing because the prior prison term enhancement was stayed on appeal. However, defense counsel argued that defendant was eligible for full resentencing irrespective of whether the enhancement was stayed. The People conceded the prior prison term enhancement should be dismissed but argued defendant was not entitled to a full resentencing. The trial court determined the "enhancement was not imposed. There was actually an option for the Court. It can impose it or stay it, and it was not imposed. It was stayed." Because the court determined the enhancement "was not imposed," it determined defendant was ineligible for resentencing.

## DISCUSSION

### I. Overview of the section 1172.75 procedure.

The section 1172.75 resentencing process begins with corrections officials: "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in

5.

subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) The Department of Corrections and Rehabilitation was to provide this information to the trial courts on a staggered timeline, with the last of such identifications occurring by July 1, 2022. (§ 1172.75, subd. (b)(2).)

Receipt of information from corrections officials regarding a defendant's resentencing eligibility triggers review by the trial court: "Upon receiving the information described in [section 1172.75,] subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in [section 1172.75,] subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The review and resentencing process also was conducted on a staggered timeline, and all eligible individuals were to be resentenced by December 31, 2023. (§ 1172.75, subd. (c)(1)–(2).)

Section 1172.75 provides that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) In addition, section 1172.75 requires that courts apply any "changes in law that reduce sentences or provide for judicial discretion," and permits consideration of postconviction factors in the resentencing inquiry. (§ 1172.75, subd. (d)(2)–(3).) Finally, section 1172.75 requires imposition of terms no higher than the middle term unless certain conditions are met. (§ 1172.75, subd. (d)(4).)

## II.     When section 1172.75 is applicable, it statutorily confers jurisdiction in the trial court to resentence defendant.

"In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' [Citation.]  However, there are many important exceptions to this general rule." (*People v. Cota* (2023) 97 Cal.App.5th 318, 329.)  Section 1172.75 is one of these exceptions. (*Cota*, at pp. 332–333.)

## III.    Standard of review.

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.]  In determining the Legislature's intent, a court looks first to the words of the statute.  [Citation.]  '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.'  [Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)  "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*Snook*, at p. 1215.)

## IV.    Section 1172.75 applies to stayed prior prison term enhancements.

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement *imposed* for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Italics added.)

Section 1172.75, subdivision (d)(1) states, in relevant part, "[r]esentencing pursuant to this section *shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement . . . .*"  (Italics added.)

The Attorney General argues we must adopt the meaning of the term "imposed" in section 1172.75, subdivision (a) that best harmonizes with the mandate in section 1172.75, subdivision (d)(1) that resentencing result in a lesser sentence. The Attorney General asserts a lesser sentence would occur only if the imposed prior prison term enhancement was imposed and executed. The Attorney General further asserts that, if one were to conclude there was an ambiguity in the language of the statute, the "legislative findings" of Senate Bill No. 483 establish an intent to reduce incarceration time. "[I]mposed" in section 1172.75, subdivision (a) does not extend therefore to prior prison term enhancements that were imposed and stayed.

The Attorney General asks us to follow the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*). *Rhodius* involved a similar situation. Defendant pled guilty and admitted two prior prison term enhancements. The sentencing court imposed one year for each enhancement and then stayed the punishment. (*Id*. at p. 41.) At a later hearing held under section 1172.75, the trial court vacated the sentence on the two prior prison term enhancements and ordered them stricken, but otherwise denied full resentencing. (*Rhodius*, at pp. 41–42.) On appeal, the defendant and the Attorney General presented the same arguments presented here. (*Ibid*.) The Fourth District Court of Appeal, Division Two concluded the express language in section 1172.75, subdivision (d)(1) requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," and the legislative history behind the enactment of Senate Bills Nos. 136 and 483 require the conclusion section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43–49.)

We agree that, absent a finding "by clear and convincing evidence that imposing a lesser sentence would endanger public safety," the language of the statute requires resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (§ 1172.75, subd. (d)(1).) We also agree

that, as summarized in *Rhodius*, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 136 signals intent "(1) [that] sentencing enhancements are ineffective and disproportionately subject the 'Black and Latino' communities to longer periods of incarceration; (2) [to] end[] double punishment for prior convictions; [and] (3) [to] reallocate[] 'wasteful' spending from imprisonment to community-based services." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 46, rev. granted.) Similarly, we agree with *Rhodius* that the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 483 signals intent "to provide relief for '[p]eople in California jails and prison . . . still burdened by mandatory enhancements' "; to ensure " ' "that no one is serving time based on rulings that California has already deemed unfair and ineffective" ' "; to "provide relief for ' "[t]hose who . . . continue to be separated from their families and communities" ' "; and to reduce the prison costs caused by sentencing enhancements. (*Rhodius*, at pp. 46–47.)

We disagree, however, with the conclusion in *Rhodius* that section 1172.75 does not invalidate prior prison term enhancements that were imposed and stayed. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 49, rev. granted.)

First, the Attorney General premises his position on the presupposition that section 667.5, former subdivision (b) enhancements that were imposed and stayed have no impact on defendant's sentence. We disagree.

In *Gonzalez*, *supra*, 43 Cal.4th 1118, our Supreme Court examined a different statutory scheme, i.e., firearm enhancements under sections 12022.53 and 12022.5, to determine the breadth of the term "impose" used in those statutes. (*Gonzalez*, at pp. 1123–1125.) In its analysis, it discussed the effect of staying an enhancement. It noted the legislative history behind that statutory scheme disclosed an intent that felons who use firearms in the commission of their crimes remain in prison for the longest time possible. (*Gonzalez*, at p. 1129.) The jury found true the firearm enhancements of subdivisions (b), (c), and (d) of section 12022.53 and the firearm enhancement in section

9.

12022.5, former subdivision (a)(1). (*Gonzalez*, at p. 1123.) Section 12022.53, subdivision (f) allowed only one additional term of imprisonment to be imposed and required that it be the enhancement under section 12022.53 that provided the longest term of imprisonment. The enhancement under section 12022.5 was not to be imposed in addition to the enhancement imposed under section 12022.53. (*Gonzalez*, at p. 1125.) In answering the question of whether the firearm enhancements, other than the enhancement with the longest term of imprisonment, should be stricken or stayed, our Supreme Court found "staying rather than striking the prohibited firearm enhancements serves the legislative goals of section 12022.53 . . . ." (*Id.* at p. 1129.) This is because staying them made them "*readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal . . . ." (*Ibid.*)

Imposed-but-stayed prior prison term enhancements carry the possibility of execution. (*People v. Brewer* (2014) 225 Cal.App.4th 98, 104 (*Brewer*).) That includes the two prior prison term enhancements originally imposed here. If "imposed" in subdivision (a) of section 1172.75 is read to include stayed prior prison term enhancements, then striking them now as invalid eliminates their impact from the "originally imposed" sentence referred to in section 1172.75, subdivision (d)(1) resulting in a "lesser sentence than the one originally imposed." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev. granted; see *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev. granted.)

Second, the Legislature is presumed to be aware of all laws in existence when it passes or amends a statute. (*In re Greg F.* (2012) 55 Cal.4th 393, 407.) At the time the Legislature passed Senate Bill No. 483, a court was not generally permitted to stay a prior prison term enhancement (*People v. Langston*, *supra*, 33 Cal.4th at p. 1241), except in specified sentencing situations. In *Brewer*, *supra*, 225 Cal.App.4th 98, two enhancements alleged pursuant to section 667.5, subdivision (a) were found true. (*Brewer*, at p. 102.) Section 667.5, subdivision (a) authorizes a three-year enhancement

10.

for "each prior separate prison term served," when a current offense and the prior offense are both violent felonies.  In addition, two enhancements alleged pursuant to section 667.5, former subdivision (b), which authorized a one-year enhancement for each prior separate prison term served, were found true.  (*Brewer*, at p. 103.)  The two section 667.5, former subdivision (b) enhancements were for the same prison terms that served as the basis for the section 667.5, subdivision (a) enhancements.  (*Brewer*, at p. 103.) " '[M]ultiple prior convictions served concurrently constitute one separate prison term for which only one sentence enhancement can be imposed.' " (*Brewer*, at p. 104.)  Former subdivision (b) of section 667.5 mandated the application of the enhancement except when subdivision (a) applied.  The former subdivision (b) enhancements were, therefore, precluded.  The trial court imposed the two section 667.5, subdivision (a) enhancements, and imposed then stayed the section 667.5, former subdivision (b) enhancements. (*Brewer*, at p. 103.)  The order staying the section 667.5, former subdivision (b) enhancements was made erroneously pursuant to section 654.[8] (*Brewer*, at p. 104.)  On appeal, a question was whether the section 667.5, former subdivision (b) enhancements should have been stayed or stricken.  (*Brewer*, at p. 101.)  The Court of Appeal affirmed the staying of those enhancements.  (*Id*. at pp. 104–105.)  It reasoned:  "California Rules of Court, rule 4.447 (rule 4.447) expressly authorizes a stay of an enhancement when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition.  In that situation—and that situation only—the trial court can and should stay the enhancement.' "  It explained why.  " 'This rule is intended "to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence." ' "  Staying the section 667.5, former

---

[8] Section 654 "does not apply to prior prison term enhancements that focus on a defendant's status as a repeat offender rather than on the acts underlying the convictions. [Citation.]"  (*Brewer*, *supra*, 225 Cal.App.4th at p. 104.)

subdivision (b) enhancements "serves the purpose of rule 4.447 by allowing for the imposition of the stayed sentence if, for example, the qualifying section 667.5[, subdivision ](a) felonies are reversed on appeal." (*Brewer*, at p. 104.)

It is clear from the plain language of subdivision (a) of section 1172.75 that the Legislature rendered sentence enhancements imposed pursuant to former subdivision (b) of section 667.5 legally invalid, except where imposed for a qualifying sexually violent offense. Laws in existence when section 1172.75 was enacted allowed those sentence enhancements to be stayed under certain circumstances. Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so. It did not.

Defendant was identified by the Department of Corrections and Rehabilitation as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)" (§ 1172.75, subd. (b)), i.e., "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)). Therefore, defendant was entitled to, but did not receive, a recall of his sentence and resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

**DISPOSITION**

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is reversed. The matter is remanded to the trial court with instructions to recall defendant's sentence and resentence him in compliance with the statute.

DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


SMITH, J.